IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


EDWARD J. PENROD                                                        PLAINTIFF


v.                                    CIVIL NO. 25-3080


FRANK BISIGNANO, Commissioner
Social Security Administration                                         DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Edward J. Penrod, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff protectively filed his current application for DIB on May 17, 2022, alleging an inability to work since July 21, 2021, due to back problems, bladder problems, insomnia and anxiety. (Tr. 75, 200). An administrative video hearing was held on August 8, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 37-74).

By written decision dated March 27, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine/lumbar spondylosis status post two surgeries, chronic pain syndrome,

insomnia, hypertension, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that he can lift and carry 20 pounds occasionally and 10 pounds frequently. He can occasionally climb, stoop, kneel, crouch, crawl, and balance on narrow, slippery, or erratically moving surfaces. The Claimant must avoid concentrated exposure to temperature extremes, humidity, wetness, and vibration, and due to potential side effects of prescribed medications, he must avoid concentrated exposure to hazards, meaning no work at unprotected heights, no work around dangerous unprotected moving machinery, and no driving as a part of work.

(Tr. 23). The ALJ, with the use of the Medical-Vocational Guidelines, found Plaintiff was not disabled. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 24, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

2

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is

3

reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id.*

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id.*  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present case, the ALJ determined that Plaintiff maintained the RFC to perform sedentary work with limitations. After reviewing the record, the Court is troubled by the ALJ's failure to address spinal restrictions indicated after surgical intervention. The record revealed Plaintiff sustained a back injury and after more conservative treatments failed underwent a right L5 hemilaminectomy for partial microdiscectomy on September 25, 2023; and an oblique lumbar interbody fusion, L4-5, a L5 laminectomy with complete right facetectomy, a left L5 foraminotomy, and L4-S1 posterior lateral arthrodesis on August 5, 2024. (Tr. 791, 1128). After

4

the second spinal surgery, Plaintiff was directed to refrain from lifting over ten pounds and from performing excessive bending, twisting, pushing and pulling for six weeks. (Tr. 1129). While APRN William Keller noted Plaintiff was progressing well, he indicated Plaintiff had spinal restrictions[1] at follow-up appointments on October 1, 2024, and October 29, 2024. (Tr. 1089, 1092). In addressing the October 29, 2024, progress note, the ALJ noted APRN Keller indicated Plaintiff was recovering well and that he could walk and complete activities of daily living without issue and did not require routine pain medication. (Tr. 27). However, the ALJ did not address the continued spinal restrictions indicated at this appointment. This is particularly troubling because the last assessment of Plaintiff's capabilities to perform work activities by a medical provider occurred prior to Plaintiff's second spinal surgery in August of 2024, and as addressed above Plaintiff's medical provider appears to have recommended spinal restrictions in the last follow-up medical appointment of record. The record also revealed that in October of 2024 Plaintiff's pain management doctor resumed treatment of his chronic pain and subsequent treatment notes indicate Plaintiff continued to take prescribed pain medication. (Tr. 999, 1116). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged spinal impairment.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

---

[1] The record does not enumerate Plaintiff's specific spinal restrictions.

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of August 2026.


/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE